IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08 CR 535 ) |
| **LASHUN PARKER,** | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Defendant has moved, pursuant to Fed. R. Crim. P. 12(b)(3)(B), to vacate his May 6, 2009, conviction for possessing a firearm following a felony conviction in violation of 18 U.S.C. § 922(g). He argues, relying on *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), that because he received a defective "restoration of rights" notice upon the discharge of each of his sentences for the two predicate felonies on which the § 922(g) charge rested, the "anti-mousetrapping" rule of § 921(a)(20) renders those convictions a nullity for federal purposes. The gravamen of his claim, and the reason he brings it pursuant to Rule 12(b)(3)(B), is that federal jurisdiction over the § 922(g) count of his indictment was lacking: he argues that absent any previous "convictions" (as that term is defined in § 921(a)(20)), the government has not charged a crime that is prosecutable as a federal offense.

Defendant's jurisdictional challenge is at the fore because without it, his motion comes too late. While a motion challenging jurisdiction under Rule 12(b)(3)(B) may be brought "at any time while the case is pending," Rule 29(c) provides that post-trial motions for acquittal--which is essentially the relief defendant seeks--must be filed or renewed within fourteen days of a guilty verdict. There is no question that "a court may not grant a postverdict motion for a judgment of acquittal that is untimely under Federal Rule of Criminal Procedure 29(c)" if the government objects. *Eberhart v. U.S.*, 546 U.S. 12, 18 (2005). It is likewise beyond dispute that defendant's motion is untimely under Rule 29(c). I extended the period for post-trial motions until June 21, 2009, but defendant did not raise the non-existence of any predicate felony to support the § 922(g) charge until December 23, 2009, more than six months later.[1] In fact, at trial defendant stipulated to the *existence* of a qualifying felony.[2]

Defendant's jurisdictional argument, for which he cites no authority, is without merit. Count three of the indictment, which charges the violation of § 922(g), plainly articulates a crime that is prosecutable under federal law. Defendant's colorful comparison

---

[1]Defendant did file a timely motion for acquittal in which he raised four non-related issues. That motion was denied.

[2]Though I resolve defendant's motion on procedural grounds, I note that this stipulation likely defeats his substantive claim. *See United States v. Dantzler*, No. 03-2358 slip op. at 4 (7th Cir. Dec. 27, 2005), discussed at n. 3, *infra*.

to a hypothetical charge of "skullduggery" is therefore inapt. Defendant's real argument is that the facts do not support the existence of one of the essential elements of the government's § 922(g) charge - a previous felony conviction. But this is a question of proof; not of jurisdiction. S*ee Dantzler v. Hollingsworth*, No. 10-cv-180-JPG, 2010 WL 3359359 at *5 (S.D. Ill. Aug. 25, 2010) (Gilbert, J.) (defendant's *Buchmeier* claim challenging his § 922(g) conviction "does not suggest that the charged conduct is no longer a crime" but claims that his previous conviction is "irrelevant" to the charge); *accord U.S. v. Vitrano*, 405 F.3d 506 (7th Cir. 2005) (analyzing the parties' respective burdens of proof on the defendant's claim that previous convictions cannot be used under § 924(e)(1)). Indeed, if it were otherwise, the *Buchmeier* court, having found that the defendant's previous felonies had been "erased," presumably would not only have reversed the defendant's sentence pursuant to § 924(e) of the Armed Career Criminal Act ("ACCA"), it would also have vacated his underlying § 922 conviction, as courts must raise jurisdictional issues *sua sponte*.[3] *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)("challenge to

---

[3]Admittedly, the *Buchmeier* court's sweeping statement that convictions "erased" by misleading restoration of rights letters "do not count for federal purposes" could be read to mean that the convictions support neither the sentencing enhancement of § 924(e) nor the § 922(g) charge. But neither *Buchmeier*, nor its predecessors, *see, e.g., United States v. Erwin*, 902 F.2d 510 (7th Cir. 1990); *United States v. Glaser*, 14 F.3d 1213, 1218 (7th Cir. 1994); *Dahler v. United States*, 143 F.3d 1084, 1086-87 (7th Cir. 1998); *United States v. Vitrano*, 405 F.3d 506, 509-10 (7th Cir.

3

a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*") (citation omitted).  The fact that neither *Buchmeier* nor any of the decisions in its line has identified a jurisdictional obstacle to the government's § 922(g) charge, even after concluding that the defendant's previous convictions had been "erased" for the purposes of ACCA, cuts defendant's argument off at the knees.

For the foregoing reasons, I conclude that defendant's motion raises no jurisdictional issues, and that it is untimely as a petition for acquittal under Rule 29(b).  It is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 4, 2010

---

2005), nor its progeny, *see, e.g.*, *United States v. Dantzler*, No. 03-2358, slip op. (7th Cir. Dec. 27, 2005), goes so far as to vacate the underlying § 922(g) conviction.  In fact, in *Dantzler*, where, as here, the defendant had stipulated to the existence of a predicate felony, the court specifically upheld his § 922(g) conviction, observing that "even if Dantzler's 1984 conviction ceased to qualify under § 921(a)(20) after he received the letter, the jury was still entitled to rely on his stipulation that he did have a qualifying predicate felony... . The stipulation alone supports the verdict on this element." *United States v. Dantzler*, No. 03-2358 slip op. at 4.

4